UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH F. MENNA<br><br>　　　　Plaintiff,<br><br>v.<br><br><br>MICHAEL GRAVES & ASSOCIATES, INC., and JOHN and JANE DOES 1-6<br><br>　　　　Defendants. | CASE NO.:<br><br><br>**COMPLAINT**<br><br>(Jury Trial Demanded) |

## PARTIES

1. The Plaintiff, Joseph F. Menna ("Menna"), is a resident of Bordentown, New Jersey, County of Burlington.

2. The Defendant, Michael Graves & Associates, Inc. ("MGA") is a design and construction company registered and doing business in the State of New York, with corporate headquarters in Princeton, New Jersey, County of Mercer.

3. The Defendants, John and Jane Does 1-6 are persons or parties whose names are not presently known, but who participated and conspired with the above named defendants in the conduct described herein and are also liable with respect thereto.

1

## JURISDICTION AND VENUE

4. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101, et seq.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Defendants because, among other things, Defendants are doing business in the State of New York and in this judicial district, the acts of infringement complained of herein, on information and belief, occurred in the State of New York; and on information and belief, the Defendants have caused injury to the Plaintiff and his intellectual property within the State of New York and in this judicial district.

7. Venue is proper in this district pursuant to 28 U.S.C. §§1391(b) and (c), and/or § 1400(a).

## STATEMENT OF FACTS

8. On or about October 2010, the government of India announced plans to construct a "Statue of Unity" ("SOU"), dedicated to the Indian independence movement leader, Sardar Vallabhbhai Patel ("Patel"). The plans called for a statue of Patel some 597 feet high spreading over 20,000 square meters on the river island, Sadhu Bet, in the state of

Gujarat. Upon completion in 2018, it will be the world's tallest statue.

9. To complete the project the Indian government retained a consortium of three (3) companies: Turner Project Management India Private Limited (India and New York, NY), Meinhardt India Private Limited (India and Melbourne, Australia), and MGA ("Consortium").

10. The Consortium was instructed to design, engineer, and manage the construction of the SOU project from inception to completion. It retained the services of other companies and professionals, such as Larson & Tourbo, India's largest engineering and construction company, Accenture, a multinational management consulting and technology company, and Mr. Ram V. Sutar, a sculptor and designer of monumental works through his companies, Ram Sutar Art Creations Private Limited and Ram Sutar Fine Arts Private Limited ("Sutar").

11. Through MGA, the Consortium also retained the services, as a consultant and independent contractor, of celebrated American digital sculptor, Plaintiff Joseph M. Menna.

12. Menna's assignment was to sculpt a three-dimensional likeness of Patel that would accommodate the extant interior dual column "building" that MGA would create and structurally engineer. He was tasked with not only creating an aesthetically pleasing Patel representation, but with developing a design solution of how to make it fit around the set

of two large columns which would sit inside the statue and bolster the actual superstructure (in the manner of the Statue of Liberty).

13. For this assignment MGA provided Plaintiff with various materials for reference, including actual garments, several versions of Patel statues then in existence, and photos of Patel himself. He was asked to create a totally original rendering of Patel in a walking stance.

14. In 2012 Plaintiff completed his three-dimensional digital sculpture model, timely and in good faith and submitted it to MGA, which approved it ("the Work"). For the Work, MGA paid Plaintiff a nominal sum which had been agreed upon beforehand and promises of later credit.

15. On or about 2013, on notice, and with no MGA objection, Plaintiff copyrighted the Work under registration number VAu 1-137-196. See the attached.

16. On or about January 2015, Sutar created a 30-foot Patel statue, and had it installed in the village of Baben, as an alleged replica of the eventual SOU that would appear in 2018 in Surat, Gujarat ("the Baben Statue").

17. The Baben Statue is a derivative and virtual copy of the Work. Yet Sutar received no license from Plaintiff to create it and, in fact, provided Plaintiff no notice whatever for its

creation and public display.

18. On information and belief, MGA, for the creation of the Baben Statue, supplied Sutar with sketches, designs, photographs and other materials that had been used by Plaintiff in the creation of the Work.

## COUNT I

## CONTRIBUTORY COPYRIGHT INFRINGMENT

19. The Plaintiff repeats Paragraphs 1-18 as if set forth in full.

20. On or about September, 2013 Plaintiff and his counsel met with MGA representatives and their counsel in MGA's Princeton office to discuss Mr. Menna's copyright rights in the Work and to discuss a limited license regarding said copyright for use of the Work going forward.

21. At said meeting the parties confirmed a limited license for MGA to use the Work without alteration as a proof of concept submission to the Consortium and for worldwide publicity of the SOU project in general.

22. It was also understood and agreed that any further use of the work by MGA or the Consortium would need Plaintiff's prior written permission, and appropriate credit and compensation to Plaintiff with respect thereto.

23. Through their conduct mentioned hereinabove, MGA and the other Defendants with prior knowledge of Sutar's plans for and actual infringing activity induced, caused, or materially contributed to such infringing conduct and hence are liable as contributory infringers in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C §§ 106 and 501.

24. Defendants' acts of contributory infringement are willful, intentional, and purposeful in blatant disregard of and indifference to Plaintiff's rights.

25. As a direct and proximate result of said contributory infringement, Plaintiff is entitled to damages from Defendants in an amount to be proven at trial.

26. Plaintiff further is entitled to his attorneys' fees and full costs pursuant to 17 U.S.C. § 505 and otherwise according to law.

## COUNT II

## VICARIOUS INFRINGMENT

27. Plaintiff repeats Paragraphs 1-26 as if set forth in full.

28. Through their conduct, MGA and the other Defendants, by enjoying a direct financial benefit and potential benefit from Sutar's infringing activity, and refraining from preventing such activity to save the monies it would have expended to acquire derivative

license rights from the Plaintiff to convey to Sutar, are liable as vicarious infringers in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C §§ 106 and 501.

29. Defendants' acts of vicarious infringement are willful, intentional, and purposeful in disregard of and with indifference to Plaintiff's rights.

30. As a direct and proximate result of said vicarious infringement by Defendants, Plaintiff is entitled to damages in an amount to be proven at trial.

**WHEREFORE**, For Counts I and II Plaintiff prays for judgment against Defendants, and each of them jointly and severally, as follows:

1. For damages in such amount as may be found or as otherwise permitted by law.

2. For an accounting of, and the imposition of constructive trust with respect to, Defendants profits attributable to their contributory and vicarious infringements of Plaintiff's copyright in the Work.

3. For prejudgment interest according to law.

4. For Plaintiff's attorneys' fees, costs, and disbursements in this action.

5. For such other and further relief as the Court may deem just and proper.

Dated: New York, New York
October 7, 2016

_____
Frank Taddeo Jr. (FT-9271)
Law Office of Frank Taddeo Jr.
100 Wall Street, 23rd Floor
New York, NY 10005
212-363-8400

*Attorneys for Plaintiff*
*Joseph F. Menna*